UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WITH YOU LLC,

                    Plaintiff,

          -against-

JESSICA TIRADO,

                    Defendant.

------------------------------------------------------------x

Civil Action No.:  23-cv-5515

COMPLAINT

July 20, 2023

Jury Trial Demanded

## COMPLAINT

Plaintiff, With You LLC ("WY" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against Defendant, Jessica Tirado ("Ms. Tirado" or "Defendant"), respectfully alleges as follows:

### BRIEF STATEMENT OF THE CASE

1.    WY is the owner of all rights, title, and interest in and to the intellectual property rights associated with the internationally acclaimed celebrity, Jessica Simpson ("Ms. Simpson").

2.    WY has for many years been exploiting those intellectual property rights in connection with a variety of products sold and services rendered under license in the United States and throughout the world.

3.    WY has always coexisted with a number of third parties that exploit intellectual property rights that combine the name "JESSICA" together with an additional name that is not similar to SIMPSON (e.g., in no particular order: JESSICA ALBA, JESSICA BIEL, JESSICA LANGE, JESSICA CHASTAIN, JESSICA STROUP, JESSICA SANCHEZ, JESSICA ROTHE,

JESSICA MARAIS, JESSICA WALTER, JESSICA GOMES, JESSICA ORIGLIASSO, JESSICA HYNES, JESSICA CAPSHAW, JESSICA TANDY, JESSICA STEEN, JESSICA LUCAS, JESSICA RAINE, JESSICA MAUBOY, JESSICA SZHOR, JESSICA LONDON, JESSICA FOX, JESSICA DIANE, etc.)

4.      WY only raises objections when a third party tries to claim rights in a trademark based upon the name "JESSICA" alone (or a shorthand version such as "JES" or "JESS"), inasmuch as such a claim, if successful, could ultimately interfere with WY's commercial activities and/or cause consumer confusion.

5.      This case relates to one such situation, i.e., Ms. Tirado's attempt to register "JESSICA'S EVERYTHING SHOP *JES*" as a trademark for an online store operating under that name selling clothing, footwear, etc.

6.      As is WY's standard practice, before taking any action with respect to Ms. Tirado's trademark application, WY sought to work out a "live and let live" with Ms. Tirado, namely, an arrangement that would allow Ms. Tirado to proceed with her exploitation of her name "Jessica Tirado" in a way that would never impede WY's activities.

7.      Unfortunately, Ms. Tirado did not respond to WY's overture and WY was left with no option but to file an Opposition before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board.

8.      Ultimately, Ms. Tirado engaged legal counsel to represent her in the Opposition, who responded and indicated that Ms. Tirado was willing to settle the matter with WY, but only if WY was willing to make a monetary payment to Ms. Tirado.

9.     WY has a policy that it does not make any such payments, inasmuch as doing so invites "troll plaintiff's attorneys" to file claims against WY, believing that WY will, in each instance, pay monies.

10.     When Ms. Tirado's counsel made clear that the matter would not settle absent a payment, and he began to run up legal costs in the Opposition proceeding, e.g., by proffering needless discovery, WY was left with no alternative but to protect its position by filing this lawsuit.

## THE PARTIES

11.     Plaintiff WY is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 14556 Ventura Blvd., Sherman Oaks, CA 91403.

12.     Upon information and belief, Defendant Jessica Tirado is a resident of New York with an address of 40 Lake Grove Blvd, Centereach, NY 11722.  Attached hereto as Exhibit LL is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing an address for Ms. Tirado in Centereach, New York.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

14.     This Court has personal jurisdiction over Ms. Tirado by virtue of the facts that she: (i) resides in the State of New York; (ii) operates, conducts, engages in and is carrying on a business or business venture in the State of New York; (iii) has transacted business within the State of New

York on a regular and consistent basis; and (iv) has infringed Plaintiff's trademarks within the State of New York.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

A.     PLAINTIFF'S LONGSTANDING AND VALUABLE TRADEMARK RIGHTS

16.     Ms. Simpson is a famous recording artist, television personality, entrepreneur and business woman whose name, image and likeness are recognized by a large portion of the public and have substantial commercial value.

17.     WY was created to own and exploit the intellectual property rights associated with Ms. Simpson's name, image and likeness across a broad spectrum of products and services.

18.     WY is the owner of all rights, title, and interest in and to the trademark "JESSICA SIMPSON," per se, as well as various iterations thereof, for a variety of products sold and services rendered under license in the United States, including without limitation, the following trademarks and the corresponding U.S. trademark registrations and applications covering the same:

(A)     the mark JESSICA SIMPSON and U.S. Federal Trademark Registration No. 2,793,751 for a variety of goods in International Classes 016, 020, and 025, and services in International Class 041.  Attached as Exhibit A is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 2,793,751;

(B)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 3,455,865 for a variety of goods in International Class 025.  Attached as Exhibit B is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 3,455,865;

(C)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 3,455,870 for a variety of goods in International Class 014.  Attached as Exhibit C is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 3,455,870;

(D)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 3,593,274 for a variety of goods in International Class 009.  Attached as Exhibit D is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 3,593,274;

(E)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 3,738,310 for a variety of goods in International Class 018.  Attached as Exhibit E is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 3,738,310;

(F)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 4,837,236 for a variety of goods in International Classes 020 and 024. Attached as Exhibit F is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 4,837,236;

(G)     the mark JESSICA SIMPSON and U.S. Federal Trademark Registration No. 6,332,593 for a variety of goods in International Class 026.  Attached as Exhibit G is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,332,593;

(H)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,564,167 for a variety of goods in International Class 028.  Attached as Exhibit H is a true and correct printout from the U.S. Patent and Trademark Office's TSDR

database showing the current status and title of Registration No. 6,564,167;

(I)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,564,168 for a variety of goods in International Class 027. Attached as Exhibit I is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,564,168;

(J)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,564,170 for a variety of goods in International Class 021. Attached as Exhibit J is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,564,170;

(K)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,564,199 for a variety of goods in International Class 010. Attached as Exhibit K is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,564,199;

(L)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,721,903 for a variety of goods in International Class 025. Attached as Exhibit L is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,721,903;

(M)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,829,396 for a variety of goods in International Class 011. Attached as Exhibit M is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,829,396;

(N)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,829,395 for a variety of goods in International Class 003. Attached

as Exhibit N is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,829,395;

(O)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,829,399 for a variety of goods in International Class 010.  Attached as Exhibit O is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,829,399;

(P)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,854,067 for a variety of goods in International Class 008.  Attached as Exhibit P is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,854,067;

(Q)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,854,068 for a variety of goods in International Classes 010 and 021. Attached as Exhibit Q is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,854,068;

(R)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,908,480 for a variety of goods in International Class 020.  Attached as Exhibit R is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,908,480;

(S)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Application Serial No. 90/492,028 for a variety of goods in International Class 004. Attached as Exhibit S is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Application Serial No. 90/492,028;

(T)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Application Serial No. 90/513,335 for a variety of goods in International Classes 018, 020, 021, and 028.  Attached as Exhibit T is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Application Serial No. 90/513,335;

(U)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,919,602 for a variety of goods in International Class 028.  Attached as Exhibit U is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,919,602;

(V)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 7,063,035 for a variety of goods in International Class 020.  Attached as Exhibit V is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 7,063,035;

(W)    the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,919,601 for a variety of goods in International Class 016.  Attached as Exhibit W is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,919,601;

(X)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Application Serial No. 90/825,676 for a variety of goods in International Classes 008 and 021.  Attached as Exhibit X is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Application Serial No. 90/825,676;

(Y)     the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 6,919,609 for a variety of goods in International Class 024.  Attached

as Exhibit Y is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,919,609;

(Z)    the mark JESSICA SIMPSON (SIGNATURE DESIGN) and U.S. Federal Trademark Registration No. 7,044,599 for a variety of goods in International Class 022.  Attached as Exhibit Z is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 7,044,599;

(AA)   the mark JESSICA SIMPSON and U.S. Federal Trademark Application Serial No. 97/608,613 for "**On-line retail store services featuring a variety of consumer products**" in International Class 035 (emphasis added).  Attached as Exhibit AA is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Application Serial No. 97/608,613;

(BB)   the mark FANCY JESSICA SIMPSON and U.S. Federal Trademark Registration No. 3,581,591 for a variety of goods in International Class 003.  Attached as Exhibit BB is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 3,581,591;

(CC)   the mark FANCY LOVE JESSICA SIMPSON and U.S. Federal Trademark Registration No. 3,788,710 for a variety of goods in International Class 003.  Attached as Exhibit CC is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 3,788,710;

(DD)   the mark I FANCY YOU JESSICA SIMPSON and U.S. Federal Trademark Registration No. 4,266,816 for a variety of goods in International Class 003.  Attached as Exhibit DD is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 4,266,816;

(EE)   the mark VINTAGE BLOOM JESSICA SIMPSON and U.S. Federal Trademark Registration No. 4,325,319 for a variety of goods in International Class 003.  Attached as Exhibit EE is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 4,325,319;

(FF)   the mark FANCY GIRL JESSICA SIMPSON and U.S. Federal Trademark Registration No. 4,846,547 for a variety of goods in International Class 003.  Attached as Exhibit FF is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 4,846,547;

(GG)   the mark JESSICA SIMPSON SIGNATURE and U.S. Federal Trademark Registration No. 4,878,075 for a variety of goods in International Class 003.  Attached as Exhibit GG is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 4,878,075;

(HH)   the mark FIEND JESSICA SIMPSON and U.S. Federal Trademark Registration No. 6,434,843 for a variety of goods in International Class 003.  Attached as Exhibit HH is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,434,843;

(II)   the mark FANCY FOREVER JESSICA SIMPSON and U.S. Federal Trademark Registration No. 6,246,983 for a variety of goods in International Class 003.  Attached as Exhibit II is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 6,246,983; and

(JJ)   the mark JESSICA SIMPSON THE WARMUP and U.S. Federal Trademark Registration No. 5,125,381 for a variety of goods in International Class 025.  Attached

as Exhibit JJ is a true and correct printout from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of Registration No. 5,125,381.

19.     The trademarks set forth in paragraph 18 above are hereinafter referred to collectively as the "JESSICA SIMPSON Trademarks."

20.     The JESSICA SIMPSON Trademarks have been in use in this country since at least as early as 1993 by WY's predecessors-in-interest and its licensees, and subsequently, by WY, and by its licensees.

21.     WY is the successor to and owner of all rights, title, and interest in and to the JESSICA SIMPSON Trademarks derived from the use made of the JESSICA SIMPSON Trademarks by its predecessors-in-interest and its licensees.

22.     Since their introduction, products and services marketed under the JESSICA SIMPSON Trademarks have been constantly and consistently promoted and extensively advertised. Through the efforts of WY and its predecessors-in-interest, products and services marketed under the JESSICA SIMPSON Trademarks are considered to be among the most popular and best-selling available in the United States and are sold throughout the United States.

23.     WY operates an on-line retail store at the URL "www.jessicasimpson.com" which features a wide variety of JESSICA SIMPSON Trademark products including but not limited to clothing, shoes, accessories, etc. (see https://jessicasimpson.com/):



24.     Since their introduction, the JESSICA SIMPSON Trademarks have been used only in connection with quality and licensed services rendered and merchandise sold. All use of the JESSICA SIMPSON Trademarks has inured to the benefit of WY and its predecessors-in-interest.

25.     WY's JESSICA SIMPSON Trademarks are used on packaging for JESSICA SIMPSON Trademark products, in connection with the rendering of JESSICA SIMPSON Trademark services, on ancillary and promotional products, in advertisements, on the Internet and in other forums.

26.     WY is actively engaged in the development and commercial exploitation of merchandise and services under the JESSICA SIMPSON Trademarks.

27.     Through long-term use and controlled marketing, the JESSICA SIMPSON Trademarks have become distinctive and strongly associated in the United States with quality products and services emanating from a single source, namely, WY.

28.    As a result of the widespread use and display of WY's JESSICA SIMPSON Trademark products and services:  (a) the public and the trade have come to use the JESSICA SIMPSON Trademarks to identify and refer to WY's JESSICA SIMPSON Trademark products and services; (b) products sold and services rendered under the JESSICA SIMPSON Trademarks are recognized by the trade and the public as quality products and services emanating from a single source; (c) the JESSICA SIMPSON Trademarks have built up secondary meaning and extensive goodwill; and (d) the JESSICA SIMPSON Trademarks have become famous.

B.    DEFENDANT'S UNLAWFUL ACTIVITIES

29.    Defendant Ms. Tirado filed U.S. Trademark Application Serial No. 90/835,036 seeking to register "JESSICA'S EVERYTHING SHOP *JES*" as a trademark for "On-line retail store services featuring a wide variety of consumer goods of others; On-line retail store services featuring clothing, footwear, headwear, designer clothing, bags, cups, mugs, jewelry, key chains, charms, blank journals, magnets" in International Class 35, on the basis of use allegedly commencing on April 25, 2021 ("Defendant's Trademark").

30.    Ms. Tirado is using Defendant's Trademark in connection with an on-line retail store offering the same products as offered by WY's on-line retail store, namely, clothing (see Ms. Tirado's store which is operating at the URL:  https://jessicaseverythingshopjes.com/):



31.     Ms. Tirado's use of Defendant's Trademark in connection with the services covered

by Ms. Tirado's application commenced long after WY's use of the JESSICA SIMPSON

Trademarks in connection with WY's competitive on-line store services which were launched

under the JESSICA SIMPSON Trademarks on May 1, 2019, and even longer after WY and its predecessor commenced use of the JESSICA SIMPSON Trademarks in connection with the sale of products, including the exact same products as those sold by Ms. Tirado's store.

32.   Defendant's Trademark is confusingly similar in appearance, meaning, sound and commercial impression to the JESSICA SIMPSON Trademarks.

33.   The similarities between the JESSICA SIMPSON Trademarks and Defendant's Trademark are substantial, to wit:

  (i)   the primary component of each is exactly the same, to wit, the name "JESSICA;"

  (ii)   the "EVERYTHING SHOP" components of Defendant's Trademark are descriptive terms;

  (iii)   the remaining component of Defendant's Trademark, i.e., the term "JES," is an oft used nickname for Ms. Jessica Simpson; and

  (iv)   the commercial impression derived by a consumer from the marks is similar because in each case focus is on the "JESSICA" component.

34.   Moreover, WY has routinely utilized and has every intention of continuing to utilize the term "JESS" in connection with its commercialization of JESSICA SIMPSON Trademark products and services.  By way of example, an email advertisement with the subject line "Styles Straight from Jess's Closet" was sent to consumers on or about July 11, 2023.  A true and correct copy of the July 11, 2023 email advertisement is attached hereto as Exhibit KK.

35.   The July 11, 2023 advertisement evidences the type of advertising that WY has done and which WY had planned to continue to do, before such plans were put in jeopardy by Ms.

Tirado's proposed registration of Defendant's Trademark, which effectively claims the exclusive right to use the term "JES".

36.     Consumers are likely to believe that the services rendered and products offered for sale and/or sold by Ms. Tirado's on-line retail store are line extensions of WY's JESSICA SIMPSON Trademark products and services.

37.     The products offered for sale and/or sold by Ms. Tirado's on-line retail store (e.g., clothing, etc.) are exactly the same as the products commercialized in connection with the JESSICA SIMPSON Trademarks and such products would travel and/or be promoted through the same channels of trade for sale to, and use by, the same class of purchasers.  Therefore, it is highly likely that distributors, retailers and consumers will mistakenly assume that the products offered for sale and/or sold by Ms. Tirado's on-line retail store and the services rendered by Ms. Tirado's on-line retail store are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to WY and the JESSICA SIMPSON Trademarks.

38.     Ms. Tirado's use of Defendant's Trademark is likely to cause confusion, mistake or deception as to the source of origin of Ms. Tirado's services and products in that the public, the trade and others are likely to believe that Ms. Tirado's services and products are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to WY's JESSICA SIMPSON Trademark products and services.

39.     WY's rights in the JESSICA SIMPSON Trademarks pre-date any rights Ms. Tirado may claim in Defendant's Trademark.

40.     WY's JESSICA SIMPSON Trademarks are distinctive and famous and had become distinctive and famous prior to the acquisition of any rights Ms. Tirado may claim in Defendant's Trademark.

16

41.     Use of Defendant's Trademark by Defendant will cause dilution of WY's distinctive and famous JESSICA SIMPSON Trademarks.

42.     WY will be damaged by the registration sought by Ms. Tirado because such registration would support and assist Ms. Tirado in the use of Defendant's Trademark and in a subsequent claim that WY should be precluded from using either "JESS" or "JES."

<u>**First Cause of Action**</u>

**DIRECT AND CONTRIBUTORY**
<u>**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS**</u>

43.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 42 as though fully set forth herein.

44.     This is a claim by Plaintiff for direct and contributory infringement of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. §1114.

45.     Ms. Tirado's activities, as alleged, constitute direct and/or contributory infringement of Plaintiff's federally registered JESSICA SIMPSON Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

46.     By such wrongful acts, Ms. Tirado has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with its registered trademarks, including diversion of customers from Plaintiff, lost sales and lost profits, and Ms. Tirado will be unjustly enriched.  Plaintiff has no adequate remedy at law.

<u>**Second Cause of Action**</u>

<u>**TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**</u>

47.      This is a claim by Plaintiff for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48.     Plaintiff is the owner of valuable trademark rights in Plaintiff's JESSICA SIMPSON Trademarks, as alleged in paragraphs 16 through 28 herein.

49.     Ms. Tirado's use in commerce of a trademark that is confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks in connection with Ms. Tirado's products and services, as alleged in paragraphs 29 through 42 herein, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Ms. Tirado and Plaintiff, and as to the origin, sponsorship, or approval of Ms. Tirado's products, services and commercial activities with Plaintiff.

50.     Ms. Tirado's activities, as alleged, constitute infringement and/or contributory infringement of Plaintiff's JESSICA SIMPSON Trademarks, and direct and contributory false designation of origin, false representation and false description, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

51.     By such wrongful acts, Ms. Tirado has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's JESSICA SIMPSON Trademarks, including diversion of customers from Plaintiff, lost sales and lost profits, and Ms. Tirado will be unjustly enriched.  Plaintiff has no adequate remedy at law.

### Third Cause of Action

### FEDERAL TRADEMARK DILUTION

52.     This is a claim for dilution of Plaintiff's JESSICA SIMPSON Trademarks, arising under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

53.     Plaintiff is the owner of valuable trademark rights in Plaintiff's JESSICA SIMPSON Trademarks, as alleged in paragraphs 16 through 28 herein.

54.     Plaintiff's JESSICA SIMPSON Trademarks are famous and had become famous prior to Ms. Tirado's first use of Defendant's Trademark.

55.     Upon information and belief, Ms. Tirado's unauthorized use of a trademark that is confusingly similar to Plaintiff's JESSICA SIMSPON Trademarks, as alleged in paragraphs 29 through 42 herein, dilutes Plaintiff's JESSICA SIMSPON Trademarks by tarnishing, blurring, weakening and/or diluting the distinctive quality of said trademarks.

56.     By such wrongful acts, Ms. Tirado has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's JESSICA SIMPSON Trademarks, including dilution of the trademarks, diversion of customers from Plaintiff, lost sales and lost profits, and Ms. Tirado will be unjustly enriched.  Plaintiff has no adequate remedy at law.

**Fourth Cause of Action**

**FEDERAL UNFAIR COMPETITION**

57.     This is a claim for unfair competition arising under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

58.     Plaintiff is the owner of valuable trademark rights in Plaintiff's JESSICA SIMPSON Trademarks, as alleged in paragraphs 16 through 28 herein.

59.     Through Ms. Tirado's unauthorized use of a trademark that is confusingly similar to trademarks owned by Plaintiff, as alleged in paragraphs 29 through 42 herein, Ms. Tirado has engaged in acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), *et. seq*.

60.     As a direct and proximate result of the foregoing acts of Ms. Tirado, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm, particularly since if left unchecked, Ms. Tirado's actions could ultimately interfere with WY's

ability to make future use of either "JESS" or "JES."  Unless restrained by the Court, Ms. Tirado
will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated
with Plaintiff's trademark rights.  Plaintiff has no adequate remedy at law.

**Fifth Cause of Action**

**TRADEMARK DILUTION UNDER NEW YORK LAW**

61.     This is a claim for dilution of Plaintiff's JESSICA SIMPSON Trademarks arising
under Section 360-L of the New York General Business Law.

62.     Plaintiff is the owner of valuable trademark rights in Plaintiff's JESSICA
SIMPSON Trademarks, as alleged in paragraphs 16 through 28 herein.

63.     Ms. Tirado's unauthorized use of Defendant's Trademark, as set forth in paragraphs
29 through 42 herein, is likely to cause injury to Plaintiff's business reputation and/or to blur, weaken
or dilute the distinctive quality of Plaintiff's JESSICA SIMPSON Trademarks.

64.     Pursuant to N.Y.G.B.L. §360-L, Plaintiff seeks an injunction prohibiting Ms.
Tirado from using Defendant's Trademark.

**Sixth Cause of Action**

**COMMON LAW UNFAIR COMPETITION**

65.     This is a claim for unfair competition under the common law.

66.     Plaintiff is the owner of valuable trademark rights in Plaintiff's JESSICA
SIMPSON Trademarks, as alleged in paragraphs 16 through 28 herein.

67.     Through her unauthorized use of trademarks confusingly similar to trademarks
owned by Plaintiff, as alleged in paragraphs 29 through 42 herein, Ms. Tirado has engaged in acts
of unfair competition under the common law.

68.     Plaintiff has been damaged by Ms. Tirado's aforementioned acts.

**Seventh Cause of Action**

**DECLARATORY JUDGMENT THAT DEFENDANT'S TRADEMARK IS NOT ENTITLED TO REGISTRATION AND/OR FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS**

69.     This is a claim for a declaratory judgment, pursuant to 15 U.S.C. § 1119, that the trademark in U.S. Trademark Application Serial No. 90/835,036 is not entitled to registration and/or for cancellation of federal trademark registrations.

70.     Plaintiff is the owner of valuable trademark rights in Plaintiff's JESSICA SIMPSON Trademarks, as alleged in paragraphs 16 through 28 herein.

71.     Ms. Tirado is the record owner of U.S. Trademark Application Serial No. 90/835,036 for the trademark "JESSICA'S EVERYTHING SHOP *JES*", which trademark, as applied-for and as used in commerce, is confusingly similar to Plaintiff's federally registered JESSICA SIMPSON Trademarks, as alleged in paragraphs 29 through 42 herein.

72.     Plaintiff believes it will be damaged by U.S. Trademark Application Serial No. 90/835,036 because the trademark in such application is confusingly similar in appearance and commercial impression to Plaintiff's registered and famous JESSICA SIMPSON Trademarks and because the issuance of a registration for the trademark "JESSICA'S EVERYTHING SHOP *JES*" to Ms. Tirado will support a claim by Ms. Tirado that she is entitled to stop the use by WY of either "JESS" or "JES."

73.     Plaintiff's products and services are related to the products and services covered by U.S. Trademark Application Serial No. 90/835,036, and such goods and services would travel and/or be promoted through the same channels of trade for sale to, and use by, the same class of purchasers.

74.     Ms. Tirado's use of Defendant's Trademark is likely to cause confusion, mistake or deception as to the source of origin of Ms. Tirado's products and services in that the public, the trade and others are likely to believe that Ms. Tirado's products and services are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff's JESSICA SIMPSON Trademark products and services, which bear Plaintiff's registered and famous JESSICA SIMPSON Trademarks.

75.     Ms. Tirado's use of Defendant's Trademark will cause dilution of the distinctive quality of Plaintiff's famous JESSICA SIMPSON Trademarks and Ms. Tirado's registration of the trademark "JESSICA'S EVERYTHING SHOP *JES*" will support a claim by Ms. Tirado that she is entitled to stop the use by WY of either "JESS" or "JES."

76.     Accordingly, Plaintiff seeks an order, pursuant to 15 U.S.C. § 1119: (i) that the trademark in U.S. Application Serial No. 90/835,036 is not entitled to registration; and (ii) directing the Commissioner of Patents and Trademarks to cancel any registration resulting from U.S. Trademark Application Serial No. 90/835,036.

77.     An actual and justiciable controversy exists between the parties.

78.     Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.     That the Court issue a permanent injunction restraining Ms. Tirado, her agents, servants, employees, successors and assigns and all others in concert and privity with Ms. Tirado, after a phase out period of three (3) months' time, from:

        (a)     Directly or indirectly exporting from any other country to the United States, importing into the United States, transshipping through the United States and/or causing,

22

aiding, abetting or contributing to the exportation from any other country to the United States or to the importation into the United States or to the transshipment through the United States of:

          i.        Any products that are packaged or labeled in a manner that makes any use of the trademark "JESSICA'S EVERYTHING SHOP *JES*", of the trademarks "JES" or "JESS," and/or of any trademark that is identical or confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint; and

          ii.       Any promotional materials or other items that are labeled with or contain facsimiles of the trademark "JESSICA'S EVERYTHING SHOP *JES*", of the trademarks "JES" or "JESS," and/or of any trademark that is identical or confusingly similar to Plaintiffs' JESSICA SIMPSON Trademarks as set forth in the Complaint;

        (b)       Directly or indirectly manufacturing, using, purchasing, possessing, offering to sell, advertising, promoting, marketing, transporting, distributing, selling or otherwise disposing of and/or causing, aiding, abetting or contributing to the manufacture, use, purchase, possession, offer for sale, advertisement, promotion, marketing, transportation, distribution, sale or other disposition in the United States of:

          i.        Any products that are packaged or labeled in a manner that makes any use of the trademark "JESSICA'S EVERYTHING SHOP *JES*", of the trademarks "JES" or "JESS," and/or of any trademark that is identical or confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint; and

          ii.       Any promotional materials or other items that are labeled with or contain facsimiles of the trademark "JESSICA'S EVERYTHING SHOP *JES*", of the

trademarks "JES" or "JESS," and/or of any trademark that is identical or confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint;

(c)     Using "JESSICA'S EVERYTHING SHOP *JES*"as a trademark, using "JES" or "JESS" as a trademark, and/or using any other trademark that is identical or confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint, in connection with the advertisement or promotion of Ms. Tirado's products and/or services, including via Internet websites and/or social media sites;

(d)     Directly or indirectly infringing Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint; and

(e)     Unfairly competing with Plaintiff;

2.     That the Court issue a judgment that Ms. Tirado's acts constitute direct and/or contributory infringement of Plaintiff's federally registered JESSICA SIMPSON Trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114;

3.     That the Court issue a judgment that Ms. Tirado's acts constitute trademark infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

4.      That the Court issue a judgment that Ms. Tirado's acts caused dilution of Plaintiff's JESSICA SIMPSON Trademarks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

5.     That the Court issue a judgment that Ms. Tirado has engaged in acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), *et. seq*;

6.     That the Court issue a judgment that Ms. Tirado's acts constitute dilution in violation of N.Y.G.B.L. §360-L, and that the Court issue an injunction prohibiting Ms. Tirado, after a phase

out period of three (3) months' time, from using the trademark "JESSICA'S EVERYTHING SHOP *JES*", the trademarks "JES" or "JESS," and/or any other trademark that is identical or confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint;

7.      That the Court issue a declaratory judgment, pursuant to 15 U.S.C. § 1119: (i) that the trademark in U.S. Application Serial No. 90/835,036 is not entitled to registration; and (ii) directing the Commissioner of Patents and Trademarks to cancel any registration resulting from U.S. Trademark Application Serial No. 90/835,036;

8.      That Ms. Tirado be required, after a phase out period of three (3) months' time, to deliver to Plaintiff for destruction all products, advertising and other promotional materials and other things possessed, used, distributed and/or available for sale by Defendant, or on her behalf, which have utilized the trademark "JESSICA'S EVERYTHING SHOP *JES*", the trademarks "JES" or "JESS", and/or any other trademark that is identical or confusingly similar to Plaintiff's JESSICA SIMPSON Trademarks as set forth in the Complaint;

9.      That Ms. Tirado be required to compensate Plaintiff for the actual damages suffered by Plaintiff as a result of Ms. Tirado's acts of trademark infringement, false designation of origin and unfair competition in an amount to be proven at trial;

10.     That Plaintiff's recoveries be trebled and prejudgment interest be awarded, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

11.     That, at Plaintiff's election before final judgment, the Court award statutory damages pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117(c));

12.     That Ms. Tirado be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

13.     That pre-judgment and post-judgment interest be awarded; and

14.     That Plaintiff obtain such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury for all issues so triable as a matter of law.

Dated: New York, New York
        July 20, 2023

GRIMES LLC


/s/ Russell D. Dize
Charles W. Grimes (CG0899)
Russell D. Dize (RD4000)
600 Third Avenue, 2nd Floor
New York, NY 10016
(516) 712-2777
*grimes@gandb.com*
*dize@gandb.com*

8890 Terrene Court, Unit 102
Bonita Springs, FL 34135
(239) 330-9000

*Attorney for Plaintiff*
*With You LLC*


## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Complaint has been furnished electronically on July 20, 2023 with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/Russell D. Dize*
        Russell D. Dize

26