UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WITH YOU LLC,

                Plaintiff,                              **MEMORANDUM & ORDER**

       -against-                              23-CV-5515-OEM-JRC

JESSICA TIRADO,

                Defendant.
------------------------------------------------------------------X

**ORELIA E. MERCHANT, District Judge:**

      Plaintiff With You LLC ("Plaintiff") sued defendant Jessica Tirado ("Defendant") for direct and contributory infringement of federally registered trademarks, trademark infringement and false designation, and other related violations of federal and state law. Before the Court is Plaintiff's motion to dismiss its action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41"). For the reasons below, Plaintiff's motion to dismiss with prejudice is **GRANTED**.

BACKGROUND

**A. Trademark Infringement Claims**

      This motion arises out of a trademark dispute. Plaintiff is a company created to own and exploit intellectual property rights associated with the celebrity Jessica Simpson. Complaint ¶ 17, ECF 1. Plaintiff is the owner of all rights, title, and interest in and to the trademark "JESSICA SIMPSON," *per se*, as well as various iterations thereof, for a variety of products sold and services rendered under license in the United States (the "Jessica Simpson Trademarks"). *Id.* ¶ 18 (citing a full list of registered trademarks associated with Jessica Simpson).

      Defendant filed U.S. Trademark Application Serial No. 90/835,036 seeking to register "JESSICA'S EVERYTHING SHOP *JES*" ("Defendant's Mark") as a trademark for "On-line

retail store services featuring a wide variety of consumer goods of others; On-line retail store services featuring clothing, footwear, headwear, designer clothing, bags, cups, mugs, jewelry, key chains, charms, blank journals, magnets" in International Class 35, on the basis of use allegedly commencing on April 25, 2021.  *Id.* ¶ 29.

Plaintiff alleges that Defendant's Mark is confusingly similar in appearance, meaning, sound and commercial impression to the Jessica Simpson Trademarks.  *Id.* ¶ 32.

Plaintiff maintains it attempted to negotiate with Defendant, through counsel, before taking any action with respect to Defendant's trademark application, namely by proffering an arrangement that would allow Defendant to proceed with her exploitation of her name "Jessica Tirado" in a way that would never impede Plaintiff's activities.  *Id.* ¶ 6.  After not receiving a response, Plaintiff filed an opposition to Defendant's application before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board.  *Id.* ¶ 7.  Defendant then retained counsel and subsequently conditioned any settlement upon a monetary payment, which Plaintiff refused, leading to the initiation of this suit.  *Id.* ¶¶ 8-10.

### B. Procedural History

Plaintiff filed the Complaint, ECF 1, on July 20, 2023, and Defendant filed an Answer, ECF 7, on November 24, 2023.  Defendant's answer contains no counterclaims.  *See* Answer, ECF 7.  The parties subsequently engaged in paper discovery.  *See* ECF 12.  During discovery, Defendant revealed that she had reassigned the rights in her mark to a third party rendering her no longer the real party in interest in this action, precipitating the Rule 41 motion.  *See* Joint Status Report dated May 6, 2024, ECF 21.

On April 19, 2024, the parties filed the fully briefed motion to dismiss pursuant to Rule 41.  *See* ECF 15.  Plaintiff's notice of motion stated that it sought dismissal with prejudice "and

without an award of costs or attorneys' fees to either party." ECF 15. Plaintiff filed a memorandum in support ("Pl's Memo"), ECF 16, and a reply ("Reply"), ECF 18. Defendant filed her opposition ("Opp."). ECF 17.

On May 7, 2024, the assigned magistrate judge entered an order staying discovery pending the outcome of the present motion. *See* Order dated May 7, 2024.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Notably, the parties both agree that the case may be dismissed with prejudice but spar over what effect such a dismissal may potentially have in a later engagement about the availability of attorneys' fees. *See* Pl's Memo at 1, 3 (requesting that any dismissal come "without an award of costs or attorneys' fees to either party"); Opp. at 4 ("Therefore, Defendant respectfully asks that this Honorable Court dismiss this case with prejudice . . . and allow for Defendant file a Motion for Attorney's fees . . . .").

However, the issue of attorneys' fees is not appropriately before this Court in the present posture of a Rule 41 motion, which only resolves the issue of dismissal. Further, no party has properly briefed the issue or provided the required documentation. To the extent either party seeks a ruling on attorneys' fees, such a motion is denied without prejudice to renew upon enter of the judgment in this action. *See Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 176–77 (E.D.N.Y. 1997) (declining to address attorneys' fees in a Rule 41 motion as not properly briefed, the court ordered that "defendant[ ] may serve a new motion for costs, including attorneys' fees, as a separate motion in compliance with this Court's individual rules, thereby providing the plaintiff with an adequate opportunity to respond.").

Turning to the merits of the motion, whether to dismiss a case under Rule 41 lies within the "district court's sound discretion[.]" *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). While plaintiff does not have a right to see a case dismissed *without* prejudice, Plaintiff appears to have no wish to continue this litigation and does not ask the Court to dismiss the case without prejudice. *See Travco Ins. Co. v. Dinerman*, No. 16-cv-1064 (HG) (RER), 2023 WL 130832, at *2 (E.D.N.Y. Jan. 9, 2023) (citing *Catanzano*, 277 F.3d at 109, 110). Further, it is evident that neither plaintiff nor defendants wish to continue this litigation. Here, plaintiff is willing to dismiss the litigation *with prejudice* and there is no evidence of prejudice to defendants by such a dismissal and no other interests are at stake. "In situations like this, where a plaintiff does not oppose dismissing a case with prejudice, there is no risk of potential harm or legal prejudice to defendants." *Id.* Accordingly, plaintiff's motion to discontinue the action with prejudice is granted. *See Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 68 (N.D.N.Y. 2002).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss with prejudice is **GRANTED**. Any request for attorneys' fees is **DENIED** without prejudice. The parties shall jointly submit a proposed briefing schedule on the issue of costs and attorneys' fees no later than seven days after entry of judgment.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated:     July 15, 2024
           Brooklyn New York

4